UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cheryl Beth Marginean, | ) | |
|     Plaintiff, | ) | |
|         v. | ) | Case No. 16CV4540 |
| | ) | |
| Safari Childcare, Inc. | ) | |
| an Illinois Corporation, | ) | |
| | ) | |
|     Defendants. | ) | JURY DEMANDED |

## COMPLAINT

### JURISDICTION

1.     This action is brought pursuant to Employee Retirement Income Security Act of 1974, 29 U.S.C. 18 *et seq*.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

### VENUE

2.     This action properly lies in this district pursuant to 28 U.S.C. § 1391 because the events giving rise to this claim occurred in in this judicial district. Venue is proper in this Court since Plaintiff worked for Defendant in this judicial district.

### PARTIES

3.     Plaintiff Cheryl Beth Marginean (hereinafter, "Marginean" or "Plaintiff") is a 45 year-old female citizen and resident of Cook County in the State of Illinois. Marginean has over 9 years experience in the childcare field. Marginean was and is a participant, beneficiary, or fiduciary of Safari's employee benefit scheme, namely their employer-sponsored healthcare plan.

4.     Safari Childcare, Inc.  (hereinafter, "Safari" or "Defendant") is an Illinois corporation doing business within the State of Illinois. Safari has nine childcare facilities.

1

At all times relevant to the Complaint, Safari Childcare has offered and continues to offer employees an employer-sponsored health plan subject to ERISA.

## FACTUAL ALLEGATIONS

5. Plaintiff re-alleges Paragraphs 1 through 4 and incorporates them as though fully set forth as Paragraph 5.

6. On Thursday, January 28, 2016, Marginean interviewed for the Center Director position at Safari Childcare. Inc. with Bethany Chuchla, Director of Education, and Ms. Laura Rettke, District Manager.

7. The next day, Marginean accepted Safari's offer of employment at $40,000 per year salary. Ms. Chuchla emailed Plaintiff the required paperwork to begin employment.

8. The following Monday, February 1st, Ms. Chuchla sent another email offering Marginean a signing bonus of $5,000.00 if she could complete her pre-employment screening that week and start work immediately.

9. Marginean accepted the offer.

10. Because Safari needed Marginean to start right away, she visited an immediate care physician for her pre-employment physical.

11. The immediate care physician examined Marginean and determined her fit to work with children.

12. On Friday, February 5th, Plaintiff reported for her first day of work.

13. From February 5th to February 10th, Safari trained Marginean on computer systems, policies and procedures, and other requirements of the job.

14. On February 10th, Ms. Rettke provided Marginean health insurance enrollment forms.

15. These forms required Marginean to provide a list of her current and past health issues.

16. Marginean wrote on the forms that she suffered from spinal stenosis, had a spinal fusion in July 2012, a post-operation infection which required a second spinal surgical procedure in August 2012, an inter-stem implant due to a damaged nerve in May 2015, a second inter-stem implant again in May 2015, and two surgeries in 2015 to repair tendonitis in her left and right arms. Marginean also listed her medications.

17. After filling out this form, Marginean handed it back to Ms. Rettke.

18. Shortly after she handed in the forms, Marginean clocked out of work for her break at 11:57am.

19. Fifteen minutes later, at approximately 12:12pm, a Safari representative called Marginean and informed her that she was terminated from Safari effective immediately. She was not given a reason.

20. Safari's termination has caused Marginean to incur damages.

## COUNT I

## INTERFERENCE IN VIOLATION OF ERISA

21. Plaintiff re-alleges Paragraphs 1 through 20 and incorporates them as though fully set forth as Paragraph 21.

22. Under ERISA, 29 U.S.C. §1140, it is unlawful for an employer to discharge, discipline or discriminate against a participant or beneficiary for exercising any right to which she is entitled under the provisions of an employee benefit plan or interfering with an employee's ability to attain any such right.

23. At all times relevant to this Complaint, Plaintiff was a participant or beneficiary of an employee benefit plan provided by Defendant because "she was an employee or

former employee who is or may become eligible to receive a benefit."

29 U.S.C. §1002(7).

24. The suspicious timing of Marginean's termination shows Safari had the specific intent to prevent her from exercising her rights to benefits under the employer-sponsored healthcare plan.

25. The party responsible for terminating Marginean had knowledge of the potential effect of the termination on the company's costs for paying for employee benefits.

WHEREFORE, Marginean requests that this Court find in her favor and against Defendant and that the Court:

    a) Grant any and all appropriate equitable relief under ERISA 29 U.S.C. § 1132(a)(3);

    b) Attorney's fees and costs of this action (including expert witness fees).

Respectfully submitted,

**Cheryl Beth Marginean,**

By: /s/ Amy S. Cramer
    One of her Attorneys

Amy S. Cramer
Cramer Law Chicago, P.C.
180 N. LaSalle Street
Suite 3700
Chicago, Illinois 60601
312-924-0219
ARDC No. 6308140